NO. 07-07-0414-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 31, 2007

_____

JEREMIAH DWAYNE WELCH,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 252ND DISTRICT COURT OF JEFFERSON COUNTY;

NO. 88838; HON. LAYNE WALKER, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Jeremiah Dwayne Welch (appellant) appeals his conviction for possession of child pornography. Pursuant to a plea of guilty with an agreed recommendation of punishment by the State, the trial court found appellant guilty, deferred the finding of guilt and placed appellant on deferred adjudication probation for seven years. Subsequently, the State

moved to proceed with appellant's adjudication of guilt. The trial court granted the motion and sentenced appellant to ten years in prison. Appellant appealed, and counsel was appointed. Appellant's appointed counsel has filed a motion to withdraw, together with an *Anders*[1] brief wherein he certified that, after diligently searching the record, he has concluded the appeal is without merit. Along with his brief, counsel attached a copy of a letter sent to appellant informing him of counsel's belief and of appellant's right to file a response *pro se.* By letter dated November 16, 2007, this court also notified appellant of his right to file a brief or response and set December 17, 2007, as the deadline to do so. That deadline has passed and appellant has failed to file a response or an extension to do so.

In compliance with *Anders,* counsel discussed each phase of appellant's case and explained how no reversible error occurred. We have also conducted our own review of the record to assess the accuracy of counsel's conclusions and to uncover any error pursuant to *Stafford v. State,* 813 S.W.2d 503 (Tex. Crim. App. 1991). Our own review has failed to reveal any reversible error.

Accordingly, the motion to withdraw is granted, and the judgment is affirmed.


Brian Quinn
Chief Justice


Do not publish.

---

[1]*Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).